UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES F., <br>     Plaintiff, <br> v. <br> KILOLO KIJAKAZI, <br>     Defendant. | Case No. 21-cv-08392-JSC <br><br> **ORDER RE: PLAINTIFF'S MOTION FOR EAJA FEES** <br><br> Re: Dkt. No. 28 |

In this Social Security case, Plaintiff seeks attorney's fees under the Equal Access to Justice Act ("EAJA") following the parties' stipulation to remand this action for further proceedings under 42 U.S.C. § 405(g).  (Dkt. No. 26.[1])  Plaintiff requests the Court award his reasonable attorney's fees in the amount of $11,051.39.  The Commissioner has not filed a response to Plaintiff's motion and the time to do so has run.  *See* N.D. Cal. Civ. L.R. 7-3(a).  Having carefully considered the motion and the record in this case, the Court determines oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion.

**BACKGROUND**

This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA") denial of his application for disability benefits for ischemic heart disease, chronic joint pain associated with psoriatic arthritis, severe stenosis and degeneration in his cervical spine, and a non-surgically fused left wrist.  Plaintiff filed his motion for summary judgment on July 31, 2022.  (Dkt. No. 21.)  The government did not file an opposition brief, and instead, stipulated to a voluntary remand under § 405(g), sentence four.  (Dkt. No. 26.)  Plaintiff thereafter filed the

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

underlying motion for EAJA fees in the amount of $11,051.39.  (Dkt. No. 28.)

## DISCUSSION

Under the EAJA, a court shall award a prevailing party its fees and expenses in an action against the United States unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). If the government's position was not substantially justified, then the plaintiff may be eligible for an award of fees under the EAJA; however, eligibility is not an automatic award. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). Rather, the plaintiff must prove the fees sought are reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (internal quotation marks omitted).

**A. Substantial Justification**

The Supreme Court has defined "substantially justified" as "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The language of the EAJA creates a presumption in favor of awarding attorneys' fees, and therefore the burden of establishing substantial justification is placed with the government." *Campos v. Colvin*, No. 13-CV-03327, 2015 WL 2266692, at *1 (N.D. Cal. May 14, 2015); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (the government bears the burden of showing its position was substantially justified under EAJA).

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered as here, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)).  Further, the government has not met its burden of demonstrating its position here was substantially justified.  First, by stipulating to remand under Section 405(g), the government has conceded the position it advanced in its Answer did not have a reasonable basis in law or fact, and Plaintiff was entitled to a new hearing based at least in part on the errors discussed in Plaintiff's motion for summary judgment.  Second, the government did not

1    oppose Plaintiff's motion for EAJA fees and thus has not met its burden of establishing substantial

2    justification. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

**B. Reasonableness of Fee Requested**

In establishing the reasonableness of fees and expenses under EAJA, it is Plaintiff's burden to document "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The starting point for determining whether a fee is reasonable is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The applicant must exercise "billing judgment," i.e., the fees must be for services for which a private client would pay. *Id.* at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."). Courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). An applicant may be awarded fees for hours spent litigating an EAJA fee award. *INS v. Jean*, 496 U.S. 154, 162 (1990).

Here, Plaintiff submits a declaration from his attorney, Jared Walker, attesting that Mr. Walker spent 47.24 hours litigating this action and breaking down the time sought into separate billing entries. (Dkt. No. 29-2.) Plaintiff seeks the statutory maximum hourly rate for social security attorneys in the Ninth Circuit Court of Appeals: $217.54 for work done in 2021 and $234.95 for work done in 2022. (Dkt. No. 29 at ¶ 2 (citing table set forth at: https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last viewed on Feb. 13, 2023); 28 U.S.C. § 2412(d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3D 870, 876-77 (9th Cir. 2005) and Ninth Circuit Rule 39-1.6.).)

The Ninth Circuit has held it is "an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." *Costa v. Comm. of Soc. Sec. Admin.*, 690 F.3d 1132, 1137 (9th Cir. 2012) (holding courts should consider factors such as the complexity of legal issues, the procedural history, the size of the record, and when counsel was retained for each case). Social security cases involve a myriad of complex legal

3

issues as well as oftentimes a voluminous administrative record. This case was no exception. The administrative record totaled over 1700 pages and Plaintiff's brief raised three substantive legal issues each of which raised numerous arguments. Under these circumstances, the Court finds the 47.24 hours spent by Plaintiff's counsel preparing the briefing which led the government to agree to a voluntary remand under Section 405(g) was reasonable.

Accordingly, Plaintiff is entitled to $11,051.39 in attorney's fees.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for an award of attorney's fees pursuant to the EAJA is GRANTED. Plaintiff is awarded $11,051.39 in attorney's fees. The award should be paid directly to Plaintiff's counsel, The Law Offices of Jared T. Walker.

This Order disposes of Docket No. 28.

**IT IS SO ORDERED.**

Dated: February 13, 2023

JACQUELINE SCOTT CORLEY
United States District Judge