United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES F.,

               Plaintiff,

     v.

MICHELLE KING,

               Defendant.

Case No.  3:21-cv-08392-JSC

**ORDER RE: MOTION FOR ATTORNEY'S FEES**

Re: Dkt. No. 31

     Plaintiff's counsel, Jared Walker, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in his successful appeal of the Commissioner of the Social Security Administration's denial of social security disability benefits. (Dkt. No. 31.[1]) After careful consideration of Plaintiff's motion and the relevant legal authority, the Court determines oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion for attorney's fees pursuant to Section 406(b).

## BACKGROUND

     This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA") denial of his application for disability benefits for ischemic heart disease, chronic joint pain associated with psoriatic arthritis, severe stenosis and degeneration in his cervical spine, and a non-surgically fused left wrist. Plaintiff filed his motion for summary judgment on July 31, 2022. (Dkt. No. 21.) The government did not file an opposition brief, and instead, stipulated to a voluntary remand under § 405(g), sentence four. (Dkt. No. 26.)  On February 13, 2023, the Court granted Plaintiff's application $11,051.39 in fees under the Equal Access to Justice Act ("EAJA"),

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1    28 U.S.C. § 2412(d). (Dkt. No. 30.)

2          Following remand, the SSA found Plaintiff disabled. (Dkt. No. 31-2.)  On January 11,

3    2025, Plaintiff was notified he had been awarded disability benefits as of February 2018.  (*Id*. at

4    2.)  The notice advised Plaintiff he had been awarded $175,661.70 in past due benefits and 25

5    percent of this amount ($43,915.40) was being withheld for payment of attorney's fees.  (*Id*. at 3.)

6    Pursuant to Plaintiff and his counsel's contingency fee agreement for this case, counsel may seek

7    fees up to 25 percent of any past-due benefits awarded to Plaintiff. (Dkt. No. 31-1 at 2.) Plaintiff

8    now seeks attorney's fees in the amount of $43,915.40. Plaintiff's counsel served Plaintiff with a

9    copy of the motion. (Dkt. No. 31 at 2, 7.) The Commissioner filed a response in which she took no

10   position on Plaintiff's motion. (Dkt. No. 33.)

11                                      **LEGAL STANDARD**

12         Section 406(b) provides "[w]henever a court renders a judgment favorable to a [social

13   security] claimant under this subchapter who was represented before the court by an attorney, the

14   court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney;

15   such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant.

16   42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not

17   immediately result in an award of past-due benefits; where the court, for instance, remands for

18   further consideration, the court may calculate the 25 percent fee based upon any past-due benefits

19   awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

20         Under Section 406(b), a court must serve "as an independent check" of contingency fee

21   agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789,

22   807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory

23   ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by

24   those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character

25   of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include

26   analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel

27   to accumulate additional fees; whether the requested fees are excessively large in relation to the

28   benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at

United States District Court
Northern District of California

2

1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

## DISCUSSION

Plaintiff's counsel has demonstrated the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807.

First, while not dispositive, Plaintiff's and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b), as the agreement provides counsel will not ask for a fee of more than 25 percent of the total past-due benefits awarded. (Dkt. No. 31-1.)

Second, there is no indication a reduction in fees is warranted due to any substandard performance by counsel or counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff as the Commissioner agreed to a voluntary remand for further proceedings after receipt of Plaintiff's motion for summary judgment. (Dkt. No. 26.)

Nor is the amount of fees, $43,915.40, excessive. *See, e.g.*, *Palafox v. O'Malley*, No. 20-CV-07944-HSG, 2024 WL 4778047, at *1 (N.D. Cal. Nov. 12, 2024) (awarding $30,687.68 in fees following an award of over than over $120,000 in past due benefits); *J.Z. v. Kijakazi*, No. 20-CV-00154-LB, 2024 WL 3849334, at *1 (N.D. Cal. Aug. 16, 2024) (awarding $74,500.00 in fees following an award of $298,188.92 past-due benefits); *Ciletti v. Berryhill*, No. 17-CV-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) (awarding $35,442.00 in fees following an award of $150,993 in past-due benefits); *G.S. v. Kijakazi*, No. 19-CV-07543-JSC, 2022 WL 1452772, at *2 (N.D. Cal. May 9, 2022) (awarding fees in the amount of $30,233 following a past-due benefit award of $120,932).

Lastly, the Court finds Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted this case. At the time counsel filed this action, the SSA had completely denied Plaintiff any requested benefits, and counsel could not know the Commissioner would agree to a remand. Accordingly, the Court finds the amount of requested fees is reasonable.

1

## CONCLUSION

2   For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees.

3 The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of

4 $43,915.40 payable to The Law Office of Jared T. Walker. Plaintiff's counsel is ordered to refund

5 the previously awarded EAJA fees, in the amount of $11,051.39 to Plaintiff.

6   This Order disposes of Docket No. 31.

7   **IT IS SO ORDERED.**

8 Dated: February 14, 2025

9

10

11 JACQUELINE SCOTT CORLEY
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California